UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LOUIS G. BEARY, et al.,

    Defendants.
_____/

No. C 06-5838 PJH

**ORDER RE PENDING MOTIONS**

    This case arises from the complaint filed by the United States (the "government" or "United States") on September 22, 2006 against the State of California Franchise Tax Board, State of California Employment Development Department (together, "California defendants"), Bank of America, Providian National Bank, Citibank South Dakota, Lois Rust, Louis Beary ("Beary"), Kimberley Ann Beary, and Louis and Kimberley Beary as Trustees. The complaint seeks relief for unpaid taxes.

    The government has made assessments against Louis Beary for unpaid federal income taxes, penalties and interest; against Louis and Kimberley Beary for unpaid joint federal income tax liabilities; against Kimberley Beary for unpaid federal income taxes, penalties, and interest; against Louis Beary d/b/a/ Louis Beary Plastering for unpaid federal employment taxes, penalties, and interest; and for penalties for failure to file correct information returns. Accordingly, notices of federal tax liens were filed. The government filed its complaint to reduce the assessments to judgment and to foreclose federal tax liens which attached to the real property at 8781 Petaluma Hill Road, Penngrove, California

94951 (the "subject property"). The United States claims that Louis Beary and Kimberley Beary are the true owners of the real property that their assessments allegedly encumber, and the government has named as defendants all parties who may claim an interest in the subject property. Both Louis Beary and Lois Rust have filed cross-claims.

## BACKGROUND

Given the number of motions filed in this case, the court will briefly describe the motions and briefs filed, along with their dates and docket numbers.

A. Summary Judgment and Default

The Clerk entered default against Kimberley Beary on June 26, 2007, as she has not responded to the complaint (Docket No. 84). In its application for entry of default against Kimberley Beary, the government stated that upon information and belief, she is not an infant or incompetent person, nor is she in military service within purview of the Servicemembers Civil Relief Act. On July 2, 2007, the government moved for default judgment against Kimberley Beary and summary judgment against Louis Beary and for an order for sale of the subject property (Docket No. 89). Beary filed an opposition to this motion (Docket No. 104). The government filed a reply (Docket No. 111).

B. Motions to Dismiss

The United States filed a Motion to Dismiss the Cross-Claim by defendant Beary on May 17, 2007 (Docket No. 61). This motion was opposed by Beary (Docket No. 106). The California defendants filed a motion to dismiss Beary's cross-claim against them on May 25, 2007 (Docket No. 67). Beary filed a rebuttal brief (Docket No. 106). The California defendants filed a reply on July 18, 2007 (Docket No. 110).

Defendant Beary filed a Motion to Dismiss for Failure to State a Claim on June 13, 2007 (Docket No. 75). This motion was opposed by the United States (Docket No. 82). Beary filed a reply (Docket No. 107).

C. Miscellaneous Motions and Motions to Strike

The United States filed a Motion to Strike the Answer of Louis Beary to the Complaint on May 16, 2007 (Docket No. 59). This motion was opposed by Beary (Docket

1  No. 105). Beary filed amended answers to the complaint on June 13 and on July 11
2  (Docket Nos. 74 and 102). The government filed a reply brief on July 18, 2007 (Docket No.
3  112) and also moved to strike the June 13, 2007 amended answer (Docket No. 115).
4       Defendant Beary filed miscellaneous motions and documents on May 11, 2007
5  requesting: an order that the FBI produce records (Docket No. 54); an order that the federal
6  reserve monopoly be disbanded (Docket No. 49); additional time to prepare a cross-
7  complaint (Docket No. 50); that this article three common law court be recognized by the
8  Judge or her successor (Docket No. 53); a more definite statement from the United States
9  Attorney (Docket No. 52); that the US Attorney produce DNA (Docket No. 51); and an
10 acceptance of oaths and constitutions with waiver of tort (Docket Nos. 55, 56, 57)
11 (collectively, "May 11 Motions").
12      He then filed miscellaneous motions to accommodate his physical needs (Docket
13 No. 95) and to prohibit the United States from using his name in capital letters (Docket No.
14 96) on July 3, 2007. The government filed a motion to strike this latter motion on July 18,
15 2007 (Docket No. 113).
16      Beary also filed objections to the proceedings (Docket No. 117), a motion to compel
17 the US Attorney to provide all work product, uncensored, of the FBI investigation (Docket
18 No. 119) and a motion to amend/correct the answer, amended answer, cross-claims and
19 cross-complaint (Docket No. 118). The government moved to strike these motions on July
20 31, 2007 (Docket No. 120).
21      The government also filed oppositions to and a motion to strike the May 11 motions
22 (Docket No. 80). Defendant Beary filed a motion to strike this Motion to Strike (Docket No.
23 97), and a rebuttal to the United States' opposition to order the FBI to produce records
24 (Docket No. 106). He also filed an additional "Brief in Accordance with the Court's Order of
25 July 3, 2007" on July 11, 2007 (Docket No. 103), which contains several replies in support
26 of his miscellaneous motions.
27 ///
28 ///

**DISCUSSION**

A.   Legal Standards

    1.   Summary Judgment

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure ("FRCP") 56(c). Material facts are those which may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. "To show the existence of a 'genuine' issue, . . . [a plaintiff] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir. 1990). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); United States v. City of Tacoma, 332 F.3d 574, 578 (9th Cir. 2003). (quotations omitted). The court must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial. Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing

that there is some genuine issue for trial in order to defeat the motion. See FRCP 56(e); Anderson, 477 U.S. at 250.

      2.     Default Judgment

"Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) (internal quotes omitted). If a defendant has been defaulted for failure to appear, a court default judgment may be entered if defendant is neither a minor nor an incompetent (or, if so, that such person is represented by a guardian, committee, conservator or other representative) and if defendant is not in military service. If the party against whom judgment by default is sought has appeared in the action, the party must be served with notice of the application for judgment at least 3 days prior to the hearing on such application. If necessary to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct a hearing. See FRCP 55(b)(2).

      3.     Motion to Dismiss

Under Rule 12(b)(1), plaintiff bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise. See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. See Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack, a motion to dismiss will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. See, e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen.

1 Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for
2 failure to state a claim, a complaint generally must satisfy only the minimal notice pleading
3 requirements of Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires only that the
4 complaint include a "short and plain statement of the claim showing that the pleader is
5 entitled to relief."  FRCP 8(a)(2).

6 Specific facts are unnecessary – the statement need only give the defendant "fair
7 notice of the claim and the grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct.
8 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)).
9 All allegations of material fact are taken as true.  Erickson, 127 S.Ct. at 2200.  However, a
10 plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than
11 labels and conclusions, and a formulaic recitation of the elements of a cause of action will
12 not do."  Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted).  Rather, the
13 allegations in the complaint "must be enough to raise a right to relief above the speculative
14 level."  Id. at 1965.  A motion to dismiss should be granted if the complaint does not proffer
15 enough facts to state a claim for relief that is plausible on its face.  See id. at 1966-67.

16    4.   Motion to Strike

17 A court may strike from "any pleading any insufficient defense or any redundant,
18 immaterial, impertinent, or scandalous matter."  FRCP 12(f).  "Immaterial" matters are
19 those which have no essential or important relationship to the claim for relief; "impertinent"
20 matters are statements that do not pertain and are not necessary to the issues in question.
21 See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), overruled on other
22 grounds, 510 U.S. 517 (1994).

23 B.   Government's Motion for Summary Judgment and for Default Judgment

24    1.   Facts and Procedural History

25 A delegate of the Secretary of the Treasury made assessments against Louis Beary
26 for unpaid federal income taxes and penalties and interests thereon for $349,605.65.  See
27 Bowden Decl., Ex. 2.  The delegate made assessments against Louis Beary and Kimberley
28 Beary for their unpaid joint federal income tax liabilities in the amount of $47,122.79.

Assessments against Kimberley Beary for unpaid federal income taxes, penalties and interest thereon were made for $133,986.69.  Assessments against Louis G. Beary d/b/a Louis Beary Plastering for unpaid federal employment taxes were made for $250,837.97, and its penalties for failure to file correct information returns under 26 U.S.C. § 6721 were assessed at $20,768.74.  Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens arose in favor of the United States upon all property and property rights belonging to Louis and Kimberley Beary as of the dates of the assessments.  Notices of said Federal Tax Liens were filed with the County Recorder, Sonoma County, California.  See Stier Decl., Exs. 43–72.

The United States seeks to foreclose its federal tax liens based on those assessments which encumber the subject property at 8781 Petaluma Hill Road.

The government contends that Kimberley Beary holds nominal title to the subject real property as the nominee and/or transferee and/or alter ego of Louis Beary and that both she and Louis Beary are the true owners of the property, which Louis Beary had granted to himself and to Kimberley Beary as joint tenants.  Louis and Kimberley Beary subsequently transferred title to themselves as trustees under declaration of trust in 1991, transferred it back to themselves, and transferred title back to themselves again as trustees under declaration of trust by grant deed in March of 1992.  Subsequently, Louis Beary quit claimed any interest in the property to Kimberley Beary by quit claim deed recorded on June 3, 2002.  See Stier Decl., Exs. 73-79.

When the United States filed its initial complaint to reduce the assessments to judgment and to foreclose federal tax liens, it named all defendants who may claim an interest in the subject property pursuant to 26 U.S.C. § 7403(b) ("All persons having liens upon or claiming any interest in the property involved in such action [to enforce lien] shall be made parties thereto").  Both California defendants claim an interest in the subject property and have answered the complaint.  See Docket Nos. 7-8.  Defendant Bank of America N.A., as assignee of Security Pacific National Bank, has stipulated for non-monetary judgment with the United States.  See Docket No. 13.  Defendants Asta

1  Funding/Palisades Collection (successor in interest to Providian National Bank) and
2  Citibank South Dakota N.A. disclaimed any interest in the subject property. See Docket
3  Nos. 14, 17. Lois Rust filed an answer claiming an interest in the property and a cross-
4  claim on November 17, 2006. See Docket No. 9. Louis Beary filed an answer and cross-
5  claim on May 4, 2007. To date, Kimberley Beary has not responded to the complaint (she
6  was served on March 28, 2007), and the clerk has entered default against her, both
7  individually and as trustee.

       2.      Validity of Assessments, Foreclosure of Liens, and Sale of Property

9        In an action to collect taxes, the government bears the burden of proof. It can carry
10  its initial burden by introducing its assessment of taxes due. An assessment for unpaid
11  federal taxes is presumptively correct evidence of a taxpayer's liability and satisfies the
12  government's initial burden of proof, and its introduction establishes a prima facie case.
13  United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983) (citation omitted); United
14  States v. Molitor, 337 F.2d 917 (9th Cir. 1964). The defendant taxpayer then has the
15  burden to prove the assessment is incorrect, and he or she may introduce evidence to
16  overcome the assessment. See Molitor, 337 F.2d at 923. If the taxpayer rebuts the
17  presumption, it disappears. In order to rebut that presumption, the taxpayer must show the
18  assessment is "arbitrary or erroneous." United States v. Stonehill, 702 F.2d 1288, 1294
19  (9th Cir. 1983) (citations omitted). If the taxpayer is able to do so, the burden then shifts
20  back to the government to "maintain and establish the correctness of the assessment by
21  sufficient and competent evidence." Molitor, 337 F.2d at 923.

22        Here, the United States submitted certificates of assessments and payments and
23  notices of federal tax liens, which are admissible into evidence pursuant to Rules 803(8)
24  and 902(4) of the Federal Rules of Evidence and are the proper means of establishing the
25  facts of the administrative assessment, notice, and demand for payment. See Stier Decl.,
26  Exs. 1-72. See also United States v. Lorsen Electric Co., 480 F.2d 554, 555-556 (2d Cir.
27  1973); United States v. Strebler, 313 F.2d 402, 403 (8th Cir. 1963). The certificate of
28  assessments and payments set forth the assessments and payments for each of the tax

8

1  periods and years at issue.  The evidence shows that the assessments were made, and
2  that notice and demand was made on the taxpayers for those liabilities.  Beary has
3  submitted absolutely no evidence showing that the assessments are incorrect or disputed.
4  Because defendants have failed to rebut the United States' prima facie case of tax liability,
5  the government has established defendants' tax liability.

6  Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens arise in favor of the United
7  States upon all property and property rights belonging to the taxpayers as of the dates of
8  the assessments.  This lien attaches to all property or property rights the taxpayer holds or
9  subsequently acquires.  See, e.g., Glass City Bank v. United States, 326 U.S. 265 (1945);
10 Bank of America Nat'l Trust & Sav. Asso. v. Mamakos, 509 F.2d 1217, 1219 (9th Cir.
11 1975); see also Drye v. United States, 528 U.S. 49, 56 (1999) (language in § 6321 "is
12 broad and reveals on its face that Congress meant to reach every interest in property that a
13 taxpayer might have") (quoting United States v. National Bank of Commerce, 472 U.S. 713,
14 719-720 (1985)).  Here, the evidence shows that assessments were made against the
15 defendant taxpayers, tax liens arose, and notices of federal tax liens were recorded with
16 the Sonoma County Recorder's Office, and the IRS also filed nominee liens against
17 Kimberley A. Beary and Louis G. Beary and Kimberley A. Beary, trustees, under deed of
18 trust.  The evidence also shows that defendant taxpayers have not paid these liabilities.

19 As discussed above, the Beary defendants have presented no evidence to dispute
20 the assessments.  In opposition, however, Beary appears to argue that he has paid his tax
21 liability.  He relies on exhibits attached to his April 17, 2007 motion for dismissal, arguing
22 that the government's claim is moot because of accord and satisfaction.  He also argues
23 that the government's claim has no statutory basis, as described in his July 11, 2007 reply
24 brief in support of his motion for dismissal.  However, United States citizens are subject to
25 the payment of taxes, and the only evidence regarding his accord and satisfaction defense
26 appears to be an altered check he sent to the government after the government filed this
27 case.  This does not establish that his tax liability was paid.  To the contrary, the
28

government notified Beary that it did not deposit the check because it was altered and non-negotiable. See Docket Nos. 31 and 34 (Notices), Exs. 3 and 4.

As for the priority of tax liens, the government believes that the value of the subject property is close to or in excess of the amount owed to all creditors combined, and that priority is not an issue. Accordingly, should the court ultimately grant summary judgment, priority is an issue that can be later stipulated to by the parties in the form of a proposed order.

As for whether the purported transfer of the subject property bars the United States from foreclosing its federal tax liens against the subject property, the government argues that the transfers between the Beary defendants lacked economic substance and were made solely for the use and benefit of Louis Beary and Kimberley Beary who remain in possession of the subject property. See Complaint ¶ 27. The government submitted title evidence which suggests but does not establish that the subject property is currently held by Kimberley Beary alone. The evidence shows that the subject property was held by both Louis and Kimberley Beary in their own names or as trustees for approximately ten years before Louis Beary quit claimed any interest he may have held in the property to Kimberley Beary on June 3, 2002: the subject property was granted to Louis Beary and Carol Beary in June 1979; Carol Beary quit claimed her interest in the property to Louis Beary in September 1986; Louis Beary conveyed the property by individual grant deed to himself and Kimberley Beary as joint tenants in December 1990; they in turn conveyed the property to themselves as trustees by grant deed in February 1991; as trustees, they conveyed the property back to themselves by grant deed in February 1992; Louis Beary and Kimberley Beary then conveyed the subject property back to themselves as trustees by grant deed in March 1992; Louis Beary then quit claimed his interest to Kimberley Beary in June 2002. See Stier Decl., Exs. 73-79. However, it is unclear as to what exact interest Louis Beary quit claimed, because the quitclaim deed does not specify whether he granted his interest as a trustee or as an individual. The evidence of who holds title is therefore unclear.

While the government notes that property held by a nominee is subject to a tax lien attaching to property of its true owner and argues that Kimberley Beary is a nominee, it fails to describe the standard for establishing whether title is held by a nominee, and relies simply upon allegations that the "transfers lacked economic substance" and were made solely for the use of the Beary defendants, who are both in possession of the property. But the government submits no evidence supporting their argument that there was no economic substance to the transfer of the property and that Kimberley Beary is simply a nominee, and it submits inconclusive evidence as to who currently holds title and no evidence as to who is in possession and control of the property. The court cannot rely on allegations in the complaint and counsel's argument on a motion for summary judgment. Accordingly, the court cannot conclude that Kimberley Beary holds title of the subject property as nominee for purposes of this summary judgment motion. See, e.g., Wolfe v. United States, 798 F.2d 1241, 1244 (9th Cir. 1986) (reviewing question of whether party was alter ego of his corporation under the clearly erroneous standard, noting for purposes of their cross-motions for summary judgment, the parties stipulated to all pertinent facts); Shades Ridge Holding Co., Inc. v. United States, 888 F.2d 725, 728-29 (11th Cir. 1989) (making extensive findings of fact regarding party's control over nominee and property).

Finally, 26 U.S.C. § 7403(a) provides that the government may "enforce [its] lien," and may also seek to "subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability" (emphasis added). Section 7403(b) then provides that "[all] persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." Section 7403(c) provides that the district court should "determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." The Supreme Court, therefore, reads "the statute to contemplate, not merely the sale of the delinquent taxpayer's own interest, but the sale of

the entire property (as long as the United States has any 'claim or interest' in it), and the recognition of third-party interests through the mechanism of judicial valuation and distribution." United States v. Rodgers, 461 U.S. 677, 693-94 (1983).

In light of the above, it appears that default judgment against Kimberley Beary is proper, as she has not appeared in this action and default has been entered against her. It also appears that summary judgment may very well be proper as to all defendants should the government be able to provide the additional evidence establishing who is the nominee or otherwise owns and/or possesses the subject property. Accordingly, the court will DEFER ruling on the motion, but will allow the government to submit additional evidence to address this issue, as set forth below. The court shall determine whether default judgment should be entered against Kimberley Beary and the amount of that judgment when it determines whether summary judgment is proper as to all defendants.

C.   Beary's Motion to Dismiss

Beary filed a motion to dismiss the action pursuant to Rule 12(b)(6) based on tax protestor arguments that challenge the constitutionality of the federal taxation system. He does not address the underlying tax liability. With respect to his argument that the IRS never filed a lien, the government submitted evidence of the liens in support of its summary judgment motion, as discussed above. His arguments that the tax laws are illegal or unconstitutional are without merit, this court has jurisdiction to hear tax cases, and his motion is DENIED. See, e.g., Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982) ("To the extent that appellants' rather inartfully drafted briefs may be read to claim that the income tax, the Internal Revenue Code, or statutes establishing the Tax Court are unconstitutional, we summarily reject such arguments. They have been raised and rejected many times."); United States v. Studley, 783 F.2d 934, 937 & n.3 (9th Cir. 1986) (argument that defendant was not an absolute, freeborn and natural individual rejected as "frivolous"; noting that such utterly meritless arguments are the basis for serious sanctions imposed on litigants who raise them); Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) ("paying taxes is not voluntary"); In re Becraft, 885 F.2d 547, 549-50 (9th Cir. 1989) (claim

that federal laws apply only to United States territories and the District of Columbia "has no semblance of merit").

D.     Cross-defendants' Motion to Dismiss

Both the United States and the California defendants have moved to dismiss Louis Beary's cross-claim. In his May 4, 2007 cross-claim for compensatory and punitive damages, Beary alleges that the State of California and the United States engaged in a conspiracy against him to thwart his efforts to obtain justice "for the murder and cover-up of [his] seventeen year old daughter." In his cross-claim, he seeks discovery of the two year investigation by the Rohnert Park police into his daughter's death. He also seeks an order for the federal government to disband the "unlawful, private monopoly known as the Federal reserve." Cross-claim at 2:15-27. His main complaint seems to be that the Rohnert Park police prematurely determined that his daughter's death was a suicide and that they may have destroyed evidence and obstructed justice in that process. Id. at 2-3. He asks for 50 million dollars in damages from the "State of California, a criminal mafia organization," and 100 million dollars from the United States. Id.

The cross-defendants' motions are GRANTED. First, the cross-claim violates FRCP 8(a) in that it does not include a short and plain statement of the grounds upon which the court's jurisdiction depends and a short and plain statement of the claim showing that the pleader is entitled to relief. It does not give cross-defendants fair notice of the claims against them. It also contains no legal theory nor does it allege any facts to support its claim for monetary damages. Nor does it contain any specific facts regarding the *cross-defendants'* actions. It is therefore dismissed pursuant to FRCP 8(a) and 12(b)(6). Although Beary's rebuttal contains some additional facts regarding the death of his daughter, it remains unclear as to what claims and legal theories he asserts.

Moreover, dismissal is also proper under FRCP 12(b)(1), as states enjoy sovereign immunity from suit in federal court, and the federal government is shielded from suit absent a waiver. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (Eleventh Amendment protects states and their entities against suits brought by citizens in federal

court); Montana v. Goldin, 394 F.3d 1189, 1195 (9th Cir.2005) (state agencies are protected by Eleventh Amendment immunity); see also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit").  Here, there is no allegation that cross-defendants have consented to suit.  Finally, insofar as Beary seeks damages against the state as a means to impede its collection of his delinquent taxes, his claim is barred by the Tax Injunction Act, 28 U.S.C. § 1341, which prohibits district courts from enjoining, suspending, or restraining state tax assessment or collection where a plain, speedy and efficient remedy may be had in the courts of such a state.  See also Blangeres v. Burlington Northern, Inc., 872 F.2d 327, 328 (9th Cir. 1989) (holding that fact that injunction would restrain assessment indirectly rather than directly does not make the Tax Injunction Act inapplicable); Marvin F. Poer & Co. v. Counties of Alameda, 725 F.2d 1234, 1236 (9th Cir. 1984) ("although the language of the Act does not specifically cover actions for refund or damages, federal court consideration of such cases must be barred lest the Tax Injunction Act be deprived of its full effect").  Dismissal is without leave to amend.

E.     Government's Motions to Strike

The government moved to strike Beary's Objections to the Proceedings (Docket No. 117), Motion to Compel the US Attorney to Provide all Work Product, Uncensored, of the FBI Investigation of the City of Rohnert Park and Sonoma County (Docket No. 119) and Motion to Amend/Correct Answer, Amended Answer, Cross-Claims and Cross-Complaint (Docket No. 118), arguing that these allegations are irrelevant and immaterial to the government's tax claims based on Beary's federal tax liabilities.  The government's motion is GRANTED and these motions are STRICKEN for the following reasons.

As for Beary's Objections to the Proceedings, he appears to object to this court's jurisdiction and the government's reference to him as a taxpayer.  The San Francisco Division of the Northern District of California has authority to hear all civil actions which arise in the county of Sonoma.  Civ. L.R. 3-2(d).  A taxpayer is "any person subject to any internal revenue tax." 26 U.S.C. § 7701(a)(14), and any person who earns income is

required to file an income tax return.  See United States v. Hurd, 549 F.2d 118 (9th Cir. 1997).  Beary resides in Sonoma County California, has earned income, and the court has jurisdiction over this action.

As for the Motion to Compel, the parties have not met and conferred; nor does there appear to be any relevance of an FBI investigation into "as many as ten murders," to Beary's tax liability.

As for the Motion to Amend/Correct the Answer, Beary requests additional time to bring in additional third party actors and cross claims, but he has not set forth with particularity the reasons for the requested enlargement of time, nor has he complied with the other provisions of Local Rule 6-3.

Similarly, the government's motion (Docket No. 113) to strike Beary's Motion to Prohibit the Bankrupt United States from Using his Name in Capital Letters (Docket No. 96) is GRANTED, as Beary's motion is irrelevant and his request for relief lacks any legal basis.

The government also moved to strike the May 11 Motions.  This Motion is GRANTED.  As to the Acceptance of Oaths and Constitutions of Waiver of Tort (Docket Nos. 55, 56, 57), these documents are not pleadings or motions permitted by FRCP 7 or 12.  Furthermore, the court cannot ascertain the purpose of these rambling documents, which do not appear to request a court order or any specific relief.  Regarding Beary's other May 11 requests, they contain allegations that are irrelevant and immaterial to the government's tax claims based on his federal tax liabilities.  The motion requesting that the FBI produce certain records and that the US Attorney Produce DNA of its victims or witnesses appear to request discovery related to Beary's cross-claim, which is now dismissed.  The request that this court "order the Federal Government to disband the unlawful unconstitutional Federal Reserve Bank and its various tentacles" does not explain on what basis the court could possibly grant such relief or how such a request is at all relevant to this case.  The request for a more definite statement is non-sensical, as the United States' complaint does not purport to make Beary a liable "sovereign."  His motion

for additional time to prepare a cross-complaint does not state why additional time is needed. Accordingly, these motions are STRICKEN, and Beary's motion to strike the government's motion to strike (Docket No. 97) is DENIED.

Finally, the government also filed a motion to strike the answer and amended answer of Louis Beary. Pursuant to FRCP 8(b), a party must "state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Construing Beary's initial answer liberally, he fails to address any of the government's claims and averments. Accordingly, the answer is STRICKEN. As for his June 13, 2007 amended answer (Docket No. 74), it is STRICKEN for the same reasons. However, recognizing his failure to conform with the pleading requirements, Beary filed another amended answer on July 11, 2007 (Docket No. 102), which appears to address the government's complaint count by count and generally admit the government's allegations.[1] The government does not appear to move to strike this answer.

F.  Motion to Accommodate

Beary also filed a motion to accommodate his physical impairments, requesting frequent bathroom breaks. Because there are currently no hearings scheduled in this case, the motion is DENIED without prejudice, as his request is both moot and premature. However, the court will certainly allow Beary to take breaks as necessary to accommodate any disability should he appear before the court in the future.

**CONCLUSION**

In accordance with the foregoing:

(1) The court DEFERS ruling on the government's motion for summary and default judgment (Docket No. 89). The government shall file supplemental evidence as described above within two weeks of this order. Mr. Beary shall be allowed to file evidence in opposition two weeks after the government

---

[1] Beary also denies all allegations in the complaint in his June 13, 2007 motion to dismiss.

|   |   |
|---|---|
| 1 | submits its evidence, and the government shall have a week to file any reply. |
| 2 | The parties shall also be allowed to submit a brief not to exceed five pages |
| 3 | with said evidence if necessary.  Evidence is limited to the issue of ownership |
| 4 | and/or possession of the subject property as described above.  Beary shall |
| 5 | meet and confer with the government should he require an extension due to |
| 6 | his illness and/or hospital stay.  If the parties stipulate to an extension of this |
| 7 | deadline, the government shall submit the stipulated briefing schedule to the |
| 8 | court when it files its supplemental declaration.  In accordance with the court's |
| 9 | August 13, 2007 order, no other motions or papers shall be filed by any party. |

(2) Beary's Motion to Dismiss (Docket No. 75) is DENIED.

(3) Cross Defendants' Motions to Dismiss the Cross-Claim (Docket Nos. 61 and 67) are GRANTED.

(4) The government's motions to strike (Docket Nos. 59, 80, 113, 115, 120) are GRANTED and the papers with docket numbers 45, 49, 50, 51, 52, 53, 54, 55, 56, 57, 74, 96, 117, 118, 119 are STRICKEN.  Beary's motion to strike (Docket No. 97) the government's motion to strike is DENIED.

(5) Beary's motion to accommodate his physical impairments (Docket No. 95) is DENIED without prejudice as described above.

**IT IS SO ORDERED.**

Dated: September 14, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge